UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GARNELL EUGENE GRAVES<br><br>**Defendant.** | CASE NO:   JKB-21-311 |

### PROTECTIVE ORDER GOVERNING DISCLOSURE OF PERSONAL IDENTITY, FINANCIAL, CONTACT, GRAND JURY, TAX, COURT, AND INVESTIGATIVE INFORMATION

The Government has filed a Motion for Protective Order in the above-referenced matter to expedite the flow of discovery material among the parties, facilitate the prompt resolution of disputes over confidentiality; to assure the preservation of Protected Personal Identity, Financial, Contact, Tax, Grand Jury, Court, and Investigative Information found on documents subject to criminal discovery; and to ensure that protection is afforded to material so entitled, including but not limited to the mandates of the following legislation: the federal Privacy Act, 5 U.S.C. §552a; the HIPAA Security Rule, codified in 45 CFR Part 160 and Subparts A and C of Part 164; 41 U.S.C. § 1306; and 26 U.S.C. § 6103. It is therefore, pursuant to the Court's authority under Fed. R. Civ. P. 16, ORDERED:

1. **Definition of Protected Personal Identity, Financial, and Contact Information.** For purposes of this Protective Order, "Protected Personal Identity, Financial, Contact, (collectively, "Protected Information") means any information, whether oral or recorded in any form or medium, as follows:

1

(1) "Protected Personal Identity Information" includes any unique identifying information such as date of birth, address, social security number, and any account numbers used by the federal government, state government, local government, or companies to identify individuals.

(2) "Protected Financial Information" includes all bank account numbers, financial account numbers, credit card numbers, and codes or numbers of any kind used to retrieve or access assets and money, including but not limited to personal identification numbers (PIN), account codes and numbers, security passwords, etc.

(3) "Protected Contact Information" includes all home addresses, phone numbers for personal residences, and phone numbers for cell phones.

(4) "Protected Grand Jury Information" means information that is within the scope of the grand jury secrecy and disclosure provisions of Fed. R. Crim. P. 6(e), including transcripts of witness testimony.

(5) "Protected Court Information" means documents that have been filed under seal with the Court and continue to be maintained under seal, including sealed search warrants and other legal process obtained during the course of the investigation.

(6) "Protective Investigative Information" means information related to ongoing criminal investigations whose disclosure may adversely impact the ongoing investigations by causing the subjects of those investigations to flee, destroy evidence or otherwise obstruct justice.

2. **Production of Protected Information By The United States That May Be Subject To the Privacy Act, 5 U.S.C. § 552a; the HIPAA Security Rule, Codified in 45 CFR Part 160 and Subparts A and C of Part 164; 42 U.S.C. § 1306; 26 U.S.C. § 6103; or Other**

1

**Privacy Protections.** The United States may produce Protected Information to counsel for the defendant pursuant to the government's obligations under Fed. R. Crim. P. 16 and Standing Order 2020-01. In addition, the Protected Information may be subject to additional protection under Fed. R. Crim. P. 49.1, the Local Rules of this Court, and federal law, including but not limited to HIPAA, the Privacy Act, and 26 U.S.C. § 6103. The United States shall produce these documents containing Protected Information to the defendant. Upon producing these documents to the defendant, the United States shall designate them as "confidential" as set forth in paragraph 3 below.

3. **Designation of Material Subject to this Protective Order.** To designate Protected Information subject to this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover or label, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

4. **Access to and Use of Protected Information.** The defendant and the defendant's counsel may use the Protected Information only for purposes of this litigation and may not disclose such Protected Information to anyone not specifically entitled to access under this Protective Order. The defendant's counsel may disclose Protected Information to the defendant, but may not provide the defendant with any documents containing Protected Information. The defendant's counsel, and individuals participating in the case at the direction of counsel, may only use the Protected Information for the purposes of defending this criminal case, including any appeal, and may only disclose the Protected Information to non-parties to this litigation, which will be limited to experts and outside investigators retained by the defendant in this litigation, as follows:

    a.    Such disclosure may occur only as needed for the litigation;

  b. Such disclosures may occur only after defense counsel advises the non-party of the terms of this Protective Order; and

  c. Material given to non-parties must be designated "confidential" material in an accompanying cover letter, and the material itself must be labeled (e.g., on the CD, DVD, or other disk or medium): "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

 5. **Use of Protected Information in Court Filings and Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following: redacting confidential documents to remove individual identifiers, requesting the Court to submit or place such documents or exhibits under seal, coding the documents to substitute a numerical or other designation for the Protected Information, introducing summary evidence where practicable, and assuring that all Protected Information associated with individuals have been redacted in accordance with Fed. R. Crim. P. 49.1 and other applicable laws. No party shall disclose designated confidential documents in open Court without prior consideration by the Court. No party shall file documents containing Protected Information to the Court or reproduce Protected Information in any court filing unless the document or filing containing the Protected Information is placed under seal or all information that would identify the subject of the document or filing has been removed or redacted.

 6. **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

 7. **Sealed Documents.** Documents that have been filed under seal with the court and continue to be maintained under seal shall be provided to the defendant for purposes of discovery.

3

8. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking modification from this Court.

9. **No Waiver.** The failure to designate any materials as Protected Information as provided in this Protective Order shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

10. **No Ruling on Discoverability or Admissibility.** This Protective Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

11. **Unauthorized Disclosure.** Should any Protected Information be disclosed in a manner not authorized by this Protective Order by the defendant, defense counsel or a non-party retained by the defendant for purposes of the litigation, then the defense counsel shall use his or her best efforts to obtain the return of any such Protected Information and to notify the recipient of Protected Information to the terms of this Order.

12. **Nontermination.** This Order shall survive the termination of this Criminal Case and shall continue in full force and effect thereafter.

13. **Reservation of Rights.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within

that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

SO ORDERED this __18__ day of October, 2021.

_____
The Honorable James K. Bredar
Chief United States District Judge