Mch 4/28/2022



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

Paul E. Budlow
Assistant United States Attorney
Paul.Budlow@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4917
MAIN: 410-209-4800
FAX: 410-962-3091

May 19, 2022

USDC- BALTIMORE
'22 JUN 14 PM 1:30

Courtney Francik, Assistant Federal Public Defender
Federal Public Defender's Office
Northern Division
Tower II, Ninth Floor
100 South Charles Street
Baltimore, MD 21201-2705

     Re:    *United States v. Garnell Eugene Graves,*
               Case No. JKB-21-0311

Dear Ms. Francik:

     This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Garnell Eugene Graves (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by May 26, 2022, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

     1.    The Defendant agrees to plead guilty to Counts One, Two, Six, and Twelve of the Indictment, which each charge the Defendant with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a). The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

### Elements of the Offense

     2.    The elements of the Counts One, Two, Six and Twelve to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about the time alleged in the Indictment, in the District of Maryland:

     a.    Knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

b.  For the purpose of producing a visual depiction of such conduct; and

c.  The Defendant had reason to know that the visual depiction would be transported in interstate commerce, said visual depiction was transported in interstate or foreign commerce, or the materials used to produce the visual depiction were transported in interstate commerce.

## Penalties

3.  The parties dispute whether, under 18 U.S.C. § 2251(e), the defendant had a prior conviction under the law of any State relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward, and the production, possession, receipt, mailing, sale, distribution, shipment, and transportation of child pornography. Thus, the maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows, with the defense and government positions indicated:

| COUNT | STATUTE | MANDATORY MINIMUM IMPRISONMENT | MAXIMUM IMPRISONMENT | MAXIMUM SUPERVISED RELEASE | MAXIMUM FINE | SPECIAL ASSESSMENT |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 2251(a) | 15 (defense) 25 years (government) | 30 years (defense) 50 years (government) | Life (min. 5y) | $250,000 | $100 and $5,000 |
| 2 | 18 U.S.C. § 2251(a) | 15 (defense) 25 years (government) | 30 years (defense) 50 years (government) | Life (min. 5y) | $250,000 | $100 and $5,000 |
| 6 | 18 U.S.C. § 2251(a) | 15 (defense) 25 years (government) | 30 years (defense) 50 years (government) | Life (min. 5y) | $250,000 | $100 and $5,000 |
| 12 | 18 U.S.C. § 2251(a) | 15 (defense) 25 years (government) | 30 years (defense) 50 years (government) | Life (min. 5y) | $250,000 | $100 and $5,000 |

a.  Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b.  Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c.  Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664 and § 2259(b)(2)(b).

d.  Special Assessments: The Court must order the Defendant to pay a special assessment pursuant to 18 U.S.C. § 3013 and may order additional special assessments for certain convictions pursuant to 18 U.S.C. §§ 3014 and 2259A.

Rev. August 2018

  e. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

  f. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

  g. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Sex Offender Registration

4. The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

5. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

  a. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

  b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The

jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c.  If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

   d.  The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

   e.  If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

   f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

   g.  If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

   h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

Rev. August 2018

### Advisory Sentencing Guidelines Apply

6.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7.  This Office and the Defendant agree to the following Sentencing Guidelines:

    a.  A stipulation of facts is attached as Attachment A to this plea agreement that specifically establishes the commission of additional offenses than those to which the defendant has agreed to plead guilty. Pursuant to § 1B1.2(c), those additional offenses shall be treated as if the defendant had been convicted of additional counts charging those offenses.

### Group One: Sexual Exploitation of Minor Victim 1 on December 9, 2011 (Count 1):

    b.  The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

    c.  Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), there is a two (2) level increase because the victim in this case was under the age of 16 at the time of the offense. [Subtotal: 34].

    d.  Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. [Subtotal: 36.]

    e.  Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 38].

    f.  Pursuant to U.S.S.G. § 2G2.1(b)(6), there is a two (2) level increase because the offense involved the use of a computer or interactive service to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material. [Subtotal: 40].

### Group Two: Sexual Exploitation of Minor Victim 2 on May 5, 2012 (Count 2):

    g.  The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

    h.  Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), there is a two (2) level increase because the victim in this case was under the age of 16 at the time of the offense. [Subtotal: 34].

Rev. August 2018

       i.      Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. [Subtotal: 36.]

       j.      Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 38].

<u>Group Three: Sexual Exploitation of Minor Victim 2 on May 25, 2012 (Count 3):</u>

       k.      The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

       l.      Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), there is a two (2) level increase because the victim in this case was under the age of 16 at the time of the offense. [Subtotal: 34].

       m.      Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. [Subtotal: 36.]

       n.      Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 38].

<u>Group Four: Sexual Exploitation of Minor Victim 1 on June 7, 2012 (Count 4):</u>

       o.      The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

       p.      Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), there is a two (2) level increase because the victim in this case was under the age of 16 at the time of the offense. [Subtotal: 34].

       q.      Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. [Subtotal: 36.]

       r.      Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 38].

       s.      Pursuant to U.S.S.G. § 2G2.1(b)(6), there is a two (2) level increase because the offense involved the use of a computer or interactive service to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material. [Subtotal: 40].

<u>Group Five: Sexual Exploitation of Minor Victim 2 on June 24, 2012 (Count 5):</u>

       t.      The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

       u.      Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), there is a two (2) level increase because the victim in this case was under the age of 16 at the time of the offense. [Subtotal: 34].

    v.  Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. [Subtotal: 36.]

    w.  Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 38].

Group Six: Sexual Exploitation of Minor Victim 3 on May 13, 2014 (Count 6):

    x.  The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

    y.  Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. [Subtotal: 36].

    z.  Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. [Subtotal: 38.]

    aa.  Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 40].

    bb.  Pursuant to U.S.S.G. § 2G2.1(b)(6), there is a two (2) level increase because the offense involved the use of a computer or interactive service to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material. [Subtotal: 42].

Group Seven: Sexual Exploitation of Minor Victim 3 on September 10, 2014 (Count 7):

    cc.  The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

    dd.  Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. [Subtotal: 36].

    ee.  Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. [Subtotal: 38.]

    ff.  Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 40].

    gg.  Pursuant to U.S.S.G. § 2G2.1(b)(6), there is a two (2) level increase because the offense involved the use of a computer or interactive service to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material. [Subtotal: 42].

Rev. August 2018

Group Eight: Sexual Exploitation of Minor Victim 3 on July 20, 2015 (Count 8):

  hh. The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

  ii. Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. [Subtotal: 36].

  jj. Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. [Subtotal: 38.]

  kk. Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 40].

  ll. Pursuant to U.S.S.G. § 2G2.1(b)(6), there is a two (2) level increase because the offense involved the use of a computer or interactive service to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material. [Subtotal: 42].

Group Nine: Sexual Exploitation of Minor Victim 3 on July 20, 2015 (Count 9):

  mm. The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

  nn. Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. [Subtotal: 36].

  oo. Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. [Subtotal: 38.]

  pp. Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 40].

  qq. Pursuant to U.S.S.G. § 2G2.1(b)(6), there is a two (2) level increase because the offense involved the use of a computer or interactive service to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material. [Subtotal: 42].

Group Ten: Sexual Exploitation of Minor Victim 3 on July 20, 2015 (Count 10):

  rr. The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

  ss. Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. [Subtotal: 36].

Rev. August 2018

  tt.  Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 38].

  uu.  Pursuant to U.S.S.G. § 2G2.1(b)(6), there is a two (2) level increase because the offense involved the use of a computer or interactive service to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material. [Subtotal: 40].

Group Eleven Sexual Exploitation of Minor Victim 3 on March 2, 2017 (Count 11):

  vv.  The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

  ww.  Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. [Subtotal: 36].

  xx.  Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. [Subtotal: 38.]

  yy.  Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 40].

  zz.  Pursuant to U.S.S.G. § 2G2.1(b)(6), there is a two (2) level increase because the offense involved the use of a computer or interactive service to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material. [Subtotal: 42].

Group Twelve Sexual Exploitation of Minor Victim 4 on June 5, 2017 (Count 12):

  aaa.  The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

  bbb.  Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. [Subtotal: 36].

  ccc.  Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the care, custody, or supervisory control of the defendant. [Subtotal: 38].

  ddd.  Pursuant to U.S.S.G. § 2G2.1(b)(6), there is a two (2) level increase because the offense involved the use of a computer or interactive service to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material. [Subtotal: 40].

Rev. August 2018

Group Thirteen: Aggravated Sexual Abuse of Minor Victim 5:

  eee. The base offense level for aggravated sexual abuse is 38, pursuant to U.S.S.G. § 2A3.1(a)(1).

  fff. Pursuant to U.S.S.G. § 2A3.1(b)(3)(A), there is a two (2) level increase because the victim was in custody, care, or supervisory control of the defendant. [Subtotal: 40].

Grouping:

  ggg. There are 5 groups with the highest offense level of 42 (Groups Six, Seven, Eight, Nine and Eleven), 8 groups from 1 to 4 levels less serious (Groups One (40), Two (38), Three (38), Four (40), Five (38), Ten (40), Twelve (40), and Thirteen (40), for a total of 13 units. Thus, pursuant to U.S.S.G. §§ 3D1.4, 5 levels are added to the highest offense level. (Subtotal: 47).

  8. This Office does not oppose a two (2) level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one (1) level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way. (Total: 44).

Chapter Four Enhancement:

  9. Pursuant to U.S.S.G. § 4B1.5(b) and Application Note 4(B), there is a five (5) level increase because the instant offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct. (Subtotal: 49).

  10. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

  11. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Obligations of the Parties

12. At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a).

13. This Office represents that, providing that the Defendant receives a sentence pursuant to this plea agreement, the Baltimore City State's Attorney's Office will enter a nolle prosequi in the following cases in the Circuit Court for Baltimore City:

   i. State of Maryland v. Garnell Eugene Graves, # 121007017;
   ii. State of Maryland v. Garnell Eugene Graves, # 121007018;
   iii. State of Maryland v. Garnell Eugene Graves, # 121007019; and
   iv. State of Maryland v. Garnell Eugene Graves, # 121126026.

14. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

15. The parties reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment.

## Waiver of Appeal

16. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

   b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Rev. August 2018

Forfeiture

17.   a.   The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

   b.   Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities, including the following items at one time possessed or owned by the Defendant:

   i.   SanDisk Micro SD 2GB card, S/N 0923304233S324;
   ii.  Micro SD 2GB card, S/N: MMAGR02GUECA-MB;
   iii. Samsung Galaxy III SPH-L710, Hex: 99000351317315;
   iv.  LG cell phone, model: SPH-L670 Optimus S, S/N: 102KPYR1169226;
   v.   LG cell phone, model: SPH-L670 Optimus S, S/N: 102KPUU1147542;
   vi.  LG cell phone, model: LM-X220, IMEI: 358853100685064;
   vii. Samsung cell phone, Model: SM-A205U (Galaxy A20); IMEI: 355720101725061;
   viii. Samsung Galaxy S10+ cell phone;
   ix.  Acer Aspire S733 Series Laptop, S/N: NXRN5M0032280AFCF3400 containing a CD; and
   x.   Ispyo Spy Pen box containing Spy Pen and remote.

   c.   The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

   d.   The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

   e.   The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct

Rev. August 2018

appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Abandonment

18. The Defendant knowingly and voluntarily waives any right, title, and interest in the following property (the "Abandoned Property"):

   i. Samsung cell phone, with screen protector seized during the search of the defendant's residence;
   ii. ZTE cell phone, model: Z799VL; S/N: 329F747427FB, seized during the search of the defendant's residence;
   iii. WIKO cell phone seized during the search of the defendant's residence:
   iv. SanDisk Cruzer Glide 8GB thumb drive, seized during the search of the defendant's residence;
   v. Samsung cell phone, model: SPH-M520; seized during the search of the defendant's residence;
   vi. LG cell phone, Model: LGMS330; S/N: 605CYCH105952, seized during the search of the defendant's residence;
   vii. Dell Inspiron 1545 Laptop, S/N: 7D41VJ1 containing 8GB SanDisk SD card, seized during the search of the defendant's residence;
   viii. PNY 8GB SD Card #SD08G04000RTC1YK, seized during the search of the defendant's residence;
   ix. Motorola cell phone, Model: XT1921-3, ZY323XDH4D, seized during the search of the defendant's residence;
   x. LG cell phone, Model: LM-X420MM, seized during the search of the defendant's residence;

and consents to its federal administrative disposition, official use, and/or destruction.

19. The Defendant understands that he would have a right to file a claim to the Abandoned Property under 41 C.F.R. § 128-48.102-1 and waives his right to claim the Abandoned Property under 41 C.F.R. § 128-48.503. The Defendant agrees not to contest the vesting of title of the Abandoned Property in the United States Government and agrees to unconditionally release and hold harmless the United States Government, its officers, employees, and agents, from any and all claims, demands, damages, causes of actions, suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or waiver of ownership interest in the Abandoned Property. The Defendant agrees to execute any documents as necessary to the waiver of right, title and interest in the Abandoned Property, including any forms necessary to effect the Defendant's waiver of ownership interest.

Restitution

20.    The Defendant agrees to the entry of a restitution order for the full amount of the Victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation.

21.    The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

Restitution in Cases Involving the Sexual Exploitation of Children

22.    Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Additional Special Assessments in Sex Crimes Cases

23.    Pursuant to 18 U.S.C. § 3014 (the Justice for Victims of Trafficking Act "JVTA"), since the offense of conviction is under Chapter 110 (relating to sexual exploitation and other abuse of children), the Defendant must pay an additional special assessment of $5,000, unless the Defendant is indigent.

24.    Assessments in Child Pornography Cases: Pursuant to 18 U.S.C. § 2259A (the Amy, Vicky, and Andy Child Pornography Victim Assistance Act "AVAA"), in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess:

(1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense.

### Defendant's Conduct Prior to Sentencing and Breach

25. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

26. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

27. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power under Rule 11(c)(5) to reject the plea agreement entered into under Rule 11(c)(1)(C). Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to whether the Court will accept the plea agreement entered into under Rule 11(c)(1)(C). The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

...

28. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

Paul E. Budlow
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

5/26/22
Date

Garnell Eugene Graves

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

5/27/22
Date

Courtney Francik, Esq.

Rev. August 2018