**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | **Case No. JKB-21-311** |
| **v.** | : | |
| | : | **FILED UNDER SEAL** |
| **GARNELL EUGENE GRAVES,** | : | |
| | : | |
| **Defendant.** | : | |

## RESPONSE TO GOVERNMENT MEMORANDUM
## IN SUPPORT OF ENHANCED PENALTIES

The government contends that, pursuant to 18 U.S.C. § 2251(e), and based upon his prior Maryland and D.C. convictions, Garnell Eugene Graves is subject to enhanced penalties for each count of conviction under 18 U.S.C. § 2251(a). The government is wrong. Neither a Maryland third-degree sexual offense nor a D.C. indecent liberties offense categorically "relate to" the federal generic offenses in § 2251(e). Accordingly, the enhanced penalties under § 2251(e) do not apply to Mr. Graves.

## ARGUMENT

**A. Legal Background**

Ordinarily, a conviction for sexual exploitation of children is punishable by "not less than 15 years nor more than 30 years" in prison. 18 U.S.C. § 2251(e). The sentencing range increases to 25 to 50 years, however, if the defendant has a

> prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or *under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward*, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography[.]

*Id.* (emphasis added).

When determining whether a prior conviction "relat[es] to" aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward, courts use the categorical approach. *United States v. Hardin*, 998 F.3d 582, 586 (4th Cir. 2021). Under the ordinary categorical-approach analysis, a sentencing enhancement applies only if "[t]here is a categorical match," meaning "the elements comprising the statute of conviction are the same as, or narrower than, those of the generic offense." *Id.* Unless all conduct prohibited by the statute of conviction, "including the most innocent conduct," fits within the generic offense, the enhancement does not apply. *Moreno-Osorio v. Garland*, 2 F.4th 245, 253 (4th Cir. 2021). If a crime "can be committed without satisfying the definition of [the generic offense], then it is overbroad and not a categorical match." *United States v. Doctor*, 958 F.3d 226, 238 (4th Cir. 2020).

The ordinary analysis changes slightly under § 2251(e), which "[calls] for a different application of the categorical approach." *Hardin*, 998 F.3d at 588.[1] Section 2251(e) "does not require that the predicate conviction *amount to* [a federal generic offense]. Rather, a conviction qualifies as a predicate conviction merely if it *relates to* [a federal generic offense]." *United States v. Colson*, 683 F.3d 507, 511 (4th Cir. 2012) (emphasis in original). Under § 2251(e), therefore, the "match" between a prior conviction and a generic offense "need not be perfect." *Hardin*, 998 F.3d at 588. "A different way of saying this is that the inclusion of 'relating to' means [courts] apply the categorical approach 'and then some.'" *Id.* To satisfy the "relating to" language, the statute of conviction "needs to stand in some

---

[1] *Hardin* concerned the applicability of the sentencing enhancement found in 18 U.S.C. § 2252A(b)(1), whose language tracks with § 2251(e), apart from referencing "abusive sexual *conduct*" rather than "abusive sexual *contact*." Mr. Graves is unaware of any authority holding that the two terms should be treated differently. Because the statutory text of §§ 2252(b) and 2252A(b) is virtually identical to that of § 2251(e), this Response treats cases interpreting the various provisions interchangeably.

relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with" a generic offense. *Id.* at 589.

Still, "relating to" is not infinitely elastic. It does not reach items that "ha[ve] only a tenuous, remote, or peripheral connection" to the object of "relating to." *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 661 (1995) (interpreting "relate to" in Employee Retirement Income Security Act of 1974). The Supreme Court has cautioned that the words "relating to," if "extended to the furthest stretch of their indeterminacy, . . . stop nowhere." *Mellouli v. Lynch*, 575 U.S. 798, 812 (2015) (ellipsis in original). The "relating to" language, therefore, "must have a limit," since, "as many a curbstone philosopher has observed, everything is related to everything else." *Maracich v. Spears*, 570 U.S. 48, 60-61 (2013) (interpreting statutory phrase "in connection with" and analogizing to "relate to" in other statutes). Without such a "limiting principle," *id.* at 60, the "words of limitation" in § 2251(e) would amount to a "mere sham," *see New York State Conf. of Blue Cross & Blue Shield Plans*, 514 U.S. at 655.

As a result, courts interpreting "relating to" in categorical-approach statutes must do more than "merely require some connection to broad notions derived from federal [generic] offenses." *Flores v. Attorney Gen. of the United States*, 856 F.3d 280, 290 (3d Cir. 2017). Adopting such a permissive reading of "relating to" would "engender uncertainty among those tasked with applying it" and "cause[] confusion for courts, puzzlement for practitioners, and incomprehension for [defendants]." *Id*. Rather, courts must ask "whether there is a logical or causal connection" between the generic offense and the statute of conviction—that is, whether "they both target the same, core criminal conduct such that they are directly analogous." *United States v. Portanova*, 961 F.3d 252, 258 (3d Cir. 2020).

Under this approach, a prior conviction qualifies as a sentence-enhancing predicate if the state statute of conviction and the federal generic offense are "essentially similar," even if they are "not mirror images." *Flores*, 856 F.3d at 291 n.57. But "[a] prior conviction will not trigger the sentencing enhancement . . . if its core substantive element is too far removed from the generic federal offense." *United States v. Hudson*, 986 F.3d 1206, 1213 (9th Cir. 2021). That is because "the 'relating to' phrase does not permit an expansion beyond the substantive linchpin element of the federal generic crime." *United States v. Jaycox*, 962 F.3d 1066, 1071 (9th Cir. 2020).[2]

### B.  A Maryland third-degree sexual offense does not categorically relate to the federal generic offenses in § 2251(e).

Maryland's third-degree sexual offense statute, as it existed in 1998, provides that "A person is guilty of a sexual offense in the third degree if the person engages in sexual contact: . . . (3) With another person who is under 14 years of age and the person performing the sexual contact is four or more years older than the victim." Md. Code Ann., Art. 27, § 464B (1996). "Sexual contact" means

> the intentional touching of any part of the victim's or actor's anal or genital areas or other intimate parts for the purposes of sexual arousal or gratification *or for the abuse of either party*, and includes the penetration, however slight, by any part of a person's body, other than the penis, mouth, or tongue, into the genital or anal opening of another person's body if that penetration can be reasonably construed as being for the purpose of sexual arousal or gratification *or for the abuse of either party*.

Md. Code Ann., Art. 27, § 461(f) (1996) (emphasis added).

---

[2] Without citing this exact passage, the Fourth Circuit in *Hardin* noted that *Jaycox*'s reading of "relating to" is "consistent with how [the Fourth Circuit] ha[s] interpreted the same language." 998 F.3d at 588 n.7.

### 1.   A Maryland third-degree sexual offense is broader than the generic offenses in § 2251(e).

The Fourth Circuit held in *United States v. Diaz-Ibarra* that "the phrase 'sexual abuse'" in the Guidelines "means the use or misuse of a person for purposes of sexual gratification." 522 F.3d 343, 348, 350 (4th Cir. 2008). And "sexual abuse of a minor," in turn, means "the perpetrator's physical or nonphysical misuse or maltreatment of a minor *for a purpose associated with sexual gratification*." *Id.* at 352 (emphasis added). The Fourth Circuit subsequently imported these definitions into the § 2252(b)(2) context, using them to delineate the scope of generic "sexual abuse" and "abusive sexual conduct involving a minor or ward," respectively. *See Colson*, 683 F.3d at 510-11; *Hardin*, 998 F.3d at 586-88. It appears the Fourth Circuit has never adopted a generic definition of "aggravated sexual abuse," the remaining predicate in § 2251(e). But whatever "aggravated sexual abuse" means, it necessarily encompasses the lesser-included offense of "sexual abuse." Thus aggravated sexual abuse, too, must involve acting for purposes of sexual gratification.

In contrast to all three federal generic offenses, which require the defendant to act "for a purpose associated with sexual gratification," § 464B does not require the defendant to act with any purpose at all. As explained above, § 464B requires commission of "sexual contact," and "sexual contact" can be committed via any penetration of another person's genital or anal opening "that can be *reasonably construed* as being for the purposes of sexual arousal or gratification, or for the abuse of either party." Md. Code Ann., Art. 27, § 461(f) (emphasis added). Thus, the defendant's actual purpose in acting is immaterial under § 464B. What matters is not the purpose a defendant *actually* had, but whether a reasonable person might infer that the defendant acted for the purposes of sexual gratification or abuse. By contrast, the generic offenses in § 2251(e) are "intent-centered" crimes, which require that a

5

defendant actually act with a certain intent (namely, sexual gratification). *Diaz-Ibarra*, 522 F.3d at 350. Accordingly, a defendant who acted with a purpose other than sexual gratification could be convicted under § 464B, but could not be guilty of a generic offense. Section 464B therefore sweeps more broadly than the federal generic offenses in § 2251(e).

Even if § 464B required that a defendant actually act with one of the three purposes listed in § 461(f), Maryland third-degree sexual offense would still be categorically broader than the federal generic offenses. Those three purposes – sexual arousal, sexual gratification, and abuse – "are in the disjunctive." *See Dillsworth v. State*, 503 A.2d 734, 737 (Md. Ct. Spec. App. 1987). As a result, a defendant can violate the § 461(f) "for abuse" prong without acting for the purpose of sexual arousal or gratification; any other interpretation would render the word abuse "redundant" and "inoperative." *Id.* But the generic offenses can be committed for only one purpose: sexual gratification. Because a § 464 violation can be committed for more purposes than the generic offenses, the Maryland statute is overbroad.

Indeed, in *Larios-Reyes v. Lynch*, 843 F.3d 146, 159-60 (4th Cir. 2016), the Fourth Circuit expressly held that a conviction under the Maryland statute does not categorically qualify as "sexual abuse of a minor" because "acting for the purpose of sexual gratification is an element of the [federal generic] offense," whilst a Maryland third-degree sexual offense can be committed for purposes of abuse.

## 2. A Maryland third-degree sexual offense also does not "relate to" any of the generic offenses in § 2251(e).

In addition to rendering § 464B overbroad, the statute's "for abuse" prong takes § 464B outside the heartland of the federal generic offenses in § 2251(e), such that a Maryland third-degree sexual offense does not "relat[e] to" any of those offenses.

6

The desire for sexual gratification is not incidental or "peripheral" to the federal generic offenses. *New York State Conf. of Blue Cross & Blue Shield Plans*, 514 U.S. at 661. Rather, "the intent to gratify sexual urges is central to the offense of [generic] sexual abuse." *United States v. Alfaro*, 835 F.3d 470, 476 (4th Cir. 2016). The Fourth Circuit has held that generic sexual abuse is "an intent-centered phrase," and "[t]he clear focus of the phrase is on the intent of the abuser—sexual gratification." *Diaz-Ibarra*, 522 F.3d at 350. The "focus[] on sexual gratification . . . bears emphasizing," the court has said, "since it is the sexual-gratification element that polices the line between lawful and unlawful conduct." *Thompson v. Barr*, 922 F.3d 528, 531 (4th Cir. 2019); *see also Larios-Reyes*, 843 F.3d at 160 ("Under the federal generic definition of 'sexual abuse of a minor,' acting for the purpose of sexual gratification is an element of the offense.").

In short, a defendant's sexual-gratification purpose is an essential, irreducible element—indeed, the most important element—of generic sexual abuse and, therefore, the other federal generic offenses in § 2251(e). Any crime that does not require a defendant to have such a sexual-gratification purpose does not "target the same, core criminal conduct" as the generic offenses. *Portanova*, 961 F.3d at 258. Because § 464B can be committed for the purpose of abuse, it is not "directly analogous" to, *id.*, or "essentially similar" to, *Flores*, 856 F.3d at 291 n.57, the generic offenses. Section 464B, which can be violated with a non-sexual-gratification purpose, is "too far removed" from the "core substantive element" of the generic offenses—acting for the purpose of sexual gratification. *Hudson*, 986 F.3d at 1213.

Using Mr. Graves' § 464B conviction as a predicate under § 2251(e) would therefore improperly "permit an expansion beyond the substantive linchpin element of the federal generic crime[s]." *Jaycox*, 962 F.3d at 1071.

7

### 3.  Maryland cases confirm that a sexual-gratification intent is absent in sexual offenses committed for purposes of abuse.

Real-world Maryland cases demonstrate that when a defendant commits a sexual offense for purposes of abuse, his conduct has nothing whatsoever to do with sexual gratification—and therefore does not "relat[e] to" the federal generic offenses in § 2251(e).

The defendant in *Dillsworth* went to the house of the victim, who was his ex-girlfriend and the mother of his children, and who had recently dated another man. 503 A.2d at 735. Upon arriving, he "started yelling at [the victim] for not picking the kids up." *Id.* He then "attacked" the victim and "began kicking and striking her." *Id.* According to the victim, the defendant "threatened to rip out [her] throat," and he proceeded to "place[] two or three fingers down her throat and choke[] her." *Dillsworth v. State*, 519 A.2d 1269, 1270 (Md. 1987). The victim testified that the defendant "'told me that if I wanted to f—k around he would rip my vagina out.'" *Dillsworth*, 503 A.2d at 735. Then, she said, the defendant "'put his hand inside me and started to pull and tear at me'" for "'about a minute,'" leaving a six-centimeter laceration inside her vagina. *Id.* On appeal from conviction, the Maryland Court of Special Appeals held "the evidence was sufficient to sustain a conviction of 'abuse.'" *Id.* at 736.

The defendant's actions in *Dillsworth* had nothing at all to do with sexual arousal or gratification. Instead, he attacked his ex-girlfriend because he was angry that she had supposedly failed to pick up their kids—or perhaps because she was seeing another man. Whatever the reason, "there was no evidence that [the defendant's] acts involved an effort for sexual arousal or gratification on [his] part." *Id.* The defendant "pull[ed] and t[ore]" at the victim's vagina not because he hoped to achieve sexual gratification thereby, but because he wanted to harm her.

8

Far from constituting "sexual abuse" in the sense that § 2251(e) contemplates the term, the *Dillsworth* defendant's conduct was essentially an ordinary, non-sexual assault. Indeed, in addition to being convicted of Maryland third-degree sexual offense, the defendant was convicted of assault with intent to maim and assault and battery, based on the same conduct. *Id.* at 735. The Court of Special Appeals affirmed his convictions on those counts, concluding the jury could find he "had the specific intent 'to . . . disable' [the victim] when he put his hand in her vagina and 'started to pull and tear' at her." *Id.* at 736 n.1 (quoting Md. Code Ann., Art. 27, § 386 (1982 Repl. Vol.)). The defendant's conduct in *Dillsworth*, in other words, flowed from a desire to "disable" his victim, and was completely unrelated to sexual arousal or gratification.

To the same effect is *Burkett v. State*, 633 A.2d 902 (Md. Ct. Spec. App. 1993). The defendant in that case "was extremely angry" at his ex-girlfriend "because he thought she had stolen $100 from his wallet." *Burkett*, 633 A.2d at 906. In retaliation, he subjected the victim to "verbal and then physical abuse," beginning when he "'smacked her around' and punched her" in a public park. *Id.* When the couple returned home, the defendant "'punched' [the victim] a number of times and then walked to the kitchen and got a knife. He started swinging the knife at her and threatened to kill her that night if she did not produce the money." *Id.* Bloody from being cut with the knife, the victim went to the bathroom to clean off. *Id.* at 906-07. The defendant "got into the bathtub with her and 'proceeded to put the knife up inside [her] vagina.'" *Id.* at 907 (brackets in original). The victim testified that the defendant again warned her "to produce the money or he would 'cut her insides out.'" *Id.* "After 'a couple of minutes of him playing with the knife down there,'" she said, "he 'pulled it out' and stabbed [her] in the hand." *Id.* Later, "the beating resumed with more punches,

kicks, and 'stomps.'" *Id.* The defendant was convicted of second-degree sexual offense under § 464A. *Id.* at 906.

As in *Dillsworth*, the conduct giving rise to liability in *Burkett* had absolutely no connection to sexual arousal or gratification. The defendant attacked the victim because he believed she had stolen money from him, not because he hoped to gratify sexual desires. Like the *Dillsworth* defendant, he was charged with a sexual offense only because of the happenstance that one of the parts of the victim's body that he touched—among many others—was her vagina. But for that fact, his conduct would not have made out a Maryland second-degree sexual offense. The *Burkett* defendant's conduct, like the *Dillsworth* defendant's conduct, can best be described as an ordinary assault; the wrongful touchings in those cases were not even remotely associated with sexual arousal or gratification—the "central" element of the federal generic offenses in § 2251(e). *Alfaro*, 835 F.3d at 476.

### 4. Federal courts have held the mandatory minima inapplicable when an offense can be committed for purposes other than sexual gratification.

Other courts have found the enhancement under § 2252(b)(1), which, again, mirrors that under § 2251(e), inapplicable when faced with a statute that, like § 464B, makes it a crime to engage in offensive contact *either* for the purpose of sexual gratification/arousal *or* for some other purpose.

The defendant in *United States v. Vado*, who was charged with possessing child pornography, had a prior conviction for "criminal sexual contact in the fourth degree, in violation of the New Jersey Code of Criminal Justice § 2C:14–3." No. 14 CR 666 PAE, 2015 WL 1611337, at *5 (S.D.N.Y. Apr. 10, 2015). Under that statute, "'an actor is guilty of criminal sexual contact if he commits an act of sexual contact with the victim'" under various enumerated circumstances. *Id.* The statute "defines 'sexual contact' as 'an intentional

10

touching by the victim or actor . . . of the victim's or actor's intimate parts . . . for the purpose of degrading or humiliating the victim *or* sexually arousing or sexually gratifying the actor.'" *Id.* (quoting N.J. Stat. Ann. § 2C:14–1d) (emphasis added). Like the Fourth Circuit, the *Vado* court interpreted the § 2252(b)(1) generic offenses to require that the defendant act "for the purpose of gratification or arousal." *Id.* at *10. The New Jersey statute was therefore overbroad, the court held, since it could be violated not only for the purpose of "sexually arousing or sexually gratifying the actor," but also for the purpose of "degrading or humiliating the victim." *Id.*

The *Vado* court further concluded the New Jersey statute did not "relat[e] to" any of the § 2252(b)(1) generic offenses. According to the court, prior "offenses 'relate[] to' sexual abuse or abusive sexual conduct only where those offenses are fundamentally sexual in character." *Id.* at *14. As a result, "an offense does not 'relate to' sexual abuse or abusive sexual contact/conduct involving a minor if it can be committed with both sexual and non-sexual intent." *Id.* at *13. New Jersey fourth-degree sexual contact, however, could be committed with both intents, as it "criminalizes such utterly non-sexual conduct as an adult spanking a child on the buttocks to humiliate him or her" or "a fraternity brother mooning (or worse) a crowd that included youngsters during a public event." *Id.* at *14. Such conduct, the court wrote, is "far afield from conduct undertaken for purposes of sexual gratification or arousal," is "a long way from 'sexual abuse' as that term is commonly understood," and is "a far cry from the types of serious sexual offense to which the sentence enhancements in § 2251 and § 2252A are addressed." *Id.* Accordingly, the § 2252(b)(1) enhancement was inapplicable. *Id.*

Similarly, the defendant in *United States v. Sullivan* had a prior Maine conviction for visual sexual aggression against a child. No. 4:08-CR-00280, 2010 WL 2431719, at *3 (M.D. Pa. June 14, 2010). A defendant is guilty of that offense if, "for the purpose of arousing or gratifying sexual desire *or* for the purpose of causing affront or alarm, the actor, having in fact attained 18 years of age, exposes the actor's genitals to another person or causes the other person to expose that person's genitals to the actor and the other person, not the actor's spouse, has not in fact attained 14 years of age." *Id.* at *3 n.10 (quoting 17–A.M.R.S. § 256 (2000)) (emphasis added). Acknowledging that "relating to" has a "broad meaning," the *Sullivan* court nevertheless held the defendant's conviction did not relate to any of the generic offenses in 18 U.S.C. § 2252(b)(1). *See id.* at *4 & n.14. A defendant could violate the Maine statute not only for the purpose of sexual arousal or gratification, but also for the purpose of "causing affront or alarm," and it therefore did not "contain[] the requisite 'sexual' nature pursuant to § 2252A(b)(1)." *Id.* at *4. As a result, the Maine statute was "simply too broad" to trigger the § 2252(b)(1) enhancement. *Id.*

Consistent with *Vado* and *Sullivan*, this Court should hold § 464B does not categorically "relat[e] to" the federal generic offenses in § 2251(e) because it can be violated without the intent to achieve sexual gratification or arousal, which is "central" to those generic offenses. *Alfaro*, 835 F.3d at 476. Thus, the enhanced penalties set forth in § 2251(e) are inapplicable to Mr. Graves based on his Maryland third-degree sexual offense conviction.

**5. Judge Grimm's decision in *United States v. Sturtz*, and Judge Chasanow's decision in *United States v. Dillon*, are unpersuasive.**

As the government points out, the issue at hand was decided by Judges Grimm and Chasanow in *United States v. Sturtz*, No. PWG-19-089, and *United States v. Dillon*, DKC-18-

309, respectively. Judge Grimm's ruling is the subject of an appeal pending before the Fourth Circuit (No. 21-4322), which is scheduled for oral argument in December.

In *Sturtz*, Judge Grimm highlighted that "abuse" appears "side by side" with "sexual arousal or gratification" in the text of § 461(f)'s "sexual contact" definition. He reasoned, therefore, that "in the minds of the Maryland legislature," sexual contact committed "for purposes of abuse has a relationship to the same conduct for arousal and gratification." *Id.* at 35. Judge Grimm concluded that "the Maryland legislature obviously thought that the versions of § 464B that do not involve sexual gratification have some relationship to those that do." *Id.* at 79.

However, Judge Grimm's interpretation of § 464B cannot be reconciled with that of Maryland appellate courts, which have concluded the opposite. *Dillsworth*, *Burkett*, and *Larios-Reyes* make clear that § 461(f)'s "abuse" prong is meaningfully distinct from its "sexual arousal or gratification" prong, and that a defendant who violates § 464B for the purpose of abuse can act in a way that has no connection whatsoever to a sexual gratification purpose. Interpreting the "sexual arousal or gratification" and "abuse" prongs as overlapping renders the "abuse" prong "inoperative" and "redundan[t]," which is exactly the outcome that *Dillsworth* warned against. 503 A.2d at 737. Although Judge Grimm found that § 2252(b)(1) applied to § 464B, he described the issue as "a close question" that "very well could … have been decided the other way." *United States v. Sturtz*, No. 8:19-cr-89-PWG, ECF No. 51 at 3 (D. Md. July 22, 2021).

The courts' decisions in *Dillsworth*, *Burkett*, and *Larios-Reyes* make clear that § 464B is no different from the statutes at issue in *Vado* and *Sullivan*, wherein the courts held that a statute does not "relat[e] to" the federal generic offenses if it can be violated *either* for the purpose of sexual gratification *or* for some other purpose.

### C.  A D.C. indecent liberties offense does not categorically relate to the generic offenses under § 2251(e).

D.C.'s indecent liberties statute, as it existed in 1991, criminalized

> Any person who shall take, or attempt to take any immoral, improper, or indecent liberties with any child of either sex, under the age of 16 years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, *either of such person or of such child*, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part of member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, *either of such person or of such child*, or of both such person and such child[.]

D.C. Code § 22-3501(1).

### 1.  A D.C. indecent liberties offense is broader than and does not "relate to" the generic offenses in § 2251(e).

In *Diaz-Ibarra*, the Fourth Circuit rejected the defendant's argument that his Georgia conviction for child molestation did not constitute the generic offense of "sexual abuse of a minor" because the Georgia offense did not entail physical or psychological injury to the victim. 522 F.3d at 350. In so doing, the Fourth Circuit reasoned that the psychological effect of the defendant's conduct on the victim is irrelevant to the generic offense's definition, writing that, "[t]he clear focus of the phrase ['sexual abuse'] is on the intent of the abuser—sexual gratification—not on the effect on the abused." *Id.* The import of the Fourth Circuit's reasoning is that, to satisfy the generic definition of "sexual abuse of a minor," and, therefore, the other federal generic offenses in § 2251(e), the defendant must have the intent to sexually gratify themselves—not the victim.[3]

---

[3] In *Diaz-Ibarra*, the defendant did not argue, and the Fourth Circuit did not consider, whether the Georgia statute's inclusion of the defendant's intent to gratify the victim's sexual desires makes it categorically overbroad in relation to the federal generic offense. Noting that the Georgia statute contemplated the defendant's intent to gratify the victim's sexual desires, however, the court wrote that, "the strong implication is that the defendant himself receives some sexual gratification from the child's arousal." *Id.* at 352.

14

Accordingly, because the D.C. indecent liberties statute contemplates the defendant's intent to sexually gratify the victim, irrespective of the defendant's sexual gratification, the statute sweeps more broadly than the federal generic offenses in § 2251(e). Thus, a D.C. conviction for indecent liberties categorically fails to qualify as a predicate for sentencing enhancement purposes under § 2251(e).

Moreover, as explained above, a sexual gratification purpose is a central, essential element of the federal generic offenses in § 2251(e). Because that purpose is limited to the defendant's sexual gratification, it follows that the D.C. indecent liberties statute is too far removed and not "related to" the generic offenses.

Accordingly, the enhanced penalties set forth in § 2251(e) are similarly inapplicable to Mr. Graves based on his D.C. indecent liberties conviction.

## **CONCLUSION**

For the reasons stated herein, Mr. Graves respectfully submits that he is not subject to the enhanced penalties under § 2251(e).

Respectfully submitted,

JAMES WYDA
Federal Public Defender for the
        District of Maryland

        /s/
Courtney D. Francik
Assistant Federal Public Defenders
100 South Charles Street, Tower II, 9th Floor
Baltimore, Maryland 21201
(410) 962 3962