# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **GARNELL EUGENE GRAVES,** | **CRIMINAL NO.  JKB-21-311** |
| **Defendant.** | |

## GOVERNMENT'S REPLY

The United States of America replies to the defendant's response to the Government's Memorandum in Support of Enhanced Penalties for defendant Garnell Eugene Graves ("Graves"). The cases cited by the defendant are either inapplicable, distinguishable, or supportive of the government's position.

The defendant argues that Maryland's' Third Degree Sexual Offense is broader that the generic offenses in § 2251(e).  In support of his argument, the defendant cites to a series of cases that do not apply to this statute, and thus are taken out of context.  First, the defendant cites to cases that analyze a prior conviction in the context of the much narrower Immigration and Naturalization Act ("INA") definition of an aggravated felony under 8 U.S.C. § 1101(a)(43).  See, *Moreno-Osorio v. Garland*, 2 F.4th 245, 252 (4th Cir. 2021) and *Flores v. Att'y Gen. United States*, 856 F.3d 280, 284 (3d Cir. 2017).  And second, the defendant cites to cases applying various sections of the advisory Sentencing Guidelines.  See, *United States v. Doctor*, 958 F.3d 226, 237 (4th Cir. 2020) (analyzed "crime of violence" in the context of USSG §7B1.1(a)(1) to determine if the violation of supervised release was a Grade A violation);  *United States v. Diaz-Ibarra*, 522 F.3d 343, 347 (4th Cir. 2008) (analyzed USSG §2L1.2(b)(1)(A)(ii) to determine if a sixteen-level offense level enhancement applied after a conviction for a felony that is a "crime of violence.").

However, in 18 U.S.C. § 2252(b)(1)[1] Congress indicated that the state statute of conviction must relate to "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." As mentioned in the government's opening brief, the Supreme Court has long instructed that courts should read the words "relating to" "expansively." *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1760, 201 L.Ed.2d 102 (2018). The Justices have explained that "[t]he ordinary meaning of these words is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) (quoting Black's Law Dictionary 1158 (5th ed. 1979)).

As the Supreme Court stated, although there is no certainty that Congress used Chapter 109A as a template for the list of state predicates set out in § 2252(b)(2), "we cannot ignore the parallel." *Lockhart v. United States*, 577 U.S. 347, 354 (2016). Accordingly, the Supreme Court saw "no reason to interpret § 2252(b)(2) so that 'sexual abuse' that occurs in the Second Circuit courthouse triggers the sentence enhancement, but 'sexual abuse' that occurs next door in the Manhattan municipal building does not." *Id.* And while the descriptions of sexual abuse set out in Chapter 109A provide a good definitional starting point in giving substance to state provisions, the explicit command of Congress in the "relating to" language makes clear that absolute congruence of state and federal offenses is not required. *United States v. Kraemer*, 933 F.3d. 675, 680 (7th Cir. 2019); *United States v. Kaufmann*, 940 F.3d 377, 380 (7th Cir. 2019). As the Ninth Circuit held in *Hudson*, a case cited by the defense, "Instead, the prior conviction may trigger the enhancement if it 'stands in some relation, bears upon, or is associated with that generic offense.'"

---

[1] The statute that requires a 10-year mandatory minimum and 20-year maximum for Count Two, the Possession of Child Pornography, is found at 18 U.S.C. § 2252A(b)(2), but the relevant language there tracks identically with 18 U.S.C. § 2251(e).

*United States v. Hudson*, 986 F.3d 1206, 1213 (9th Cir. 2021) (citations omitted) (Def. Sent. Mem at 4, 7).

The defense cites to *United States v. Colson*, 683 F.3d 507 (4th Cir. 2012) and *United States v. Hardin*, 998 F.3d 582 (4th Cir. 2021) for support for the notion that the definition of "sexual abuse" requires a purpose "associated with sexual gratification" (*Colson*, 683 F.3d at 510) and regarding the definition of "abusive sexual conduct involving a minor or ward" as requiring sexual gratification. (*Hardin* at 586-88). Both cases are addressed in detail in the government's opening memo, and the holdings in both cases provide no help for the defense here. As the Fourth Circuit said in *Hardin*, "A different way of saying this is that the inclusion of 'relating to' means we apply the categorical approach '*and then some*.'" *Id.* at 588. (emphasis added).

This expansive definition of "relating to" is logical and consistent with the legislative history of the statute. Congress added state convictions relating to 'aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward' as qualifying predicates for a two-year, mandatory minimum sentence in the Protection of Children from Sexual Predators Act of 1998. At that time, Congress specifically took into consideration the high rate of recidivism among child sex offenders. See H.R. Rep. No. 105-557, at 12 (1998) (noting law enforcement testimony "about the nature of child sex offenders, how they seek out relationships with children and how the recidivism rates for such offenders are 10 times higher than other types of criminal offenders").

Next, the defense claims that Maryland's Sex Offense in the Second Degree can be committed for other than sexual gratification, so therefore it does not "relate to" the offenses in 18 U.S.C. § 2252(b)(1), and cites a pair of Maryland state cases, and a pair of federal cases, all of which are true outliers, in support. Def. Sent. Mem. at 6-12. However, the offense conduct that

is captured under Md. Code Ann., Art. 27, § 464B clearly stands in relation to a sex offense committed against a minor.  The prohibited conduct addresses sexual acts committed against victims under age 14 who are legally incapable of consenting, and is more akin to a non-consensual, and thus forcible sex offense.  As the Fourth Circuit clearly held when considering "forcible sex offense" in the context of a conviction for Third Degree Sexual Offense under Maryland law and whether that conviction merited a 16-level enhancement under USSG §2L1.2(b)(1)(A)(ii), "An intent to gratify sexual urges, however, is not central to the category of offenses qualifying as "forcible sex offenses."  *United States v. Alfaro*, 835 F.3d 470, 477 (4th Cir. 2016).

The commission of a non-consensual sex offense committed against a minor, as criminalized by Maryland as a Third Degree Sex offense, necessarily stands in some relationship to a purpose associated with sexual gratification, it is inherent in the offense conduct, regardless of whether the perpetrator engaged in the conduct for the purpose of abuse or purposes of sexual gratification.  Both the chapter 109A offenses and § 464B include provisions criminalizing unconsented or compelled touching of the sexual anatomy for purposes of abuse.

The Maryland and federal cases cited by the defense do not compel a contrary result. In *Dillsworth v. State*, the Maryland Court of Special Appeals found that "[t]hird degree sex offense, Art. 27, § 464B requires the intent to injure for purpose of a *sexual effect, i.e., a sexual injury*."  503 A.2d 734, 738 (Md. Ct. Spec. App. 1986) (emphasis added).  In *Dillsworth*, the defendant told the victim that if she "wanted to f—k around he would rip her [vagina] out" and then put his hand inside her vagina and "started to pull and tear."  503 A.2d at 735.  Despite the overwhelming evidence available to the contrary, the defense asserts:

> The defendant's actions in *Dillsworth* had nothing at all to do with sexual arousal or gratification.  Instead, he attacked his ex-girlfriend because he was angry

that she had supposedly failed to pick up their kids-or perhaps because she was seeing another man.   Whatever the reason, "there was no evidence that [the defendant's] acts involved an effort for sexual arousal or gratification on [his] part." *Id*. The defendant "pull[ed] and t[ore]" at the victim's vagina not because he hoped to achieve sexual gratification thereby, but because he wanted to harm her.

Far from *constituting* "sexual abuse" in the sense that § 2252(b)(1) employs that term, the *Dillsworth* defendant's conduct was essentially an *ordinary assault*. . . .  The defendant's conduct in Dillsworth, in other words, flowed from a desire to "disable" his victim, and was completely unrelated to sexual arousal or gratification.

Def. Sen. Mem at 8-9.

The State of Maryland believed that this was a sexual offense; the government agrees and believes the conduct is within the generic federal offense of sexual abuse.  But the defense does not, instead likening it to an "ordinary assault" brought about after the victim's ex-husband (and father of her children) learned she was dating another man, and after telling her that if she wanted to "f—k around he would rip my vagina out."  Setting that aside, such a specific fact-laden example must be related to a purpose associated with sexual gratification.  The assailant was overtly attempting to destroy the victim's means of sexual gratification in a brutish way as an assertion of power and dominion—the demonstration of power in no small part inhering in access to the sexual organs.

Again, to find that *Dillsworth* exemplifies conduct outside the enhancement provisions of § 2252A—the position urged by the defense—would require this Court to ignore 18 U.S.C. §§ 2241(a) & 2242, both of which are enhancement predicates and both of which criminalize causing another person to engage in a sexual act (i.e., penetration by "a hand . . . or any object . . . with an intent to abuse, humiliate, harass . . .").  Violent rapes with objects in a federal prison to exert dominance and control through abuse of the sexual genitalia would be an enhancer, but the same

5

activity in a Maryland prison, at least as viewed through the defense's lens of "related to misuse for a purpose associated with sexual gratification," would not.

This inventive and illogical approach is repeated with respect to the defense's use of *Burkett v. State*, 633 A.2d 902 (Md. Ct. Spec. App. 1993), in which the defendant—during a continuing assault—got into the bathtub with the victim and put a knife inside her vagina and threatened to cut her insides out. *Id*. at 907. After a couple of minutes of "playing with the knife" inside her vagina, the defendant pulled it out of her vagina and stabbed her in the hand. *Id*. Again, the defense concludes that this offense conduct is best described as an "ordinary assault" having "absolutely no connection to sexual arousal or gratification." Def. Sent. Mem. at 10. Of course, inserting a knife into a woman's vagina—a key component of her sexual reproductive capacity— to abuse her (by inciting fear), denial of sexual gratification (in terms of the objective, readily foreseeable mental impacts on the victim here) or perversion of an act of sexual gratification (insertion of a knife into the vagina and "playing" with it)—clearly falls within the generic federal offense analysis of being "related to" a purpose associated with sexual gratification. The nature of the sexual organs heightens the terror of the abuse particularly because it twists and distorts and makes use of the concept of sexual gratification. The same argument with respect to the chapter 109A predicates applies here as well.

The federal cases the defense cites are also easily distinguished. In *United States v. Vado*, No. 14 CR 666 PAE, 2015 WL 1611337, at *8 (S.D.N.Y. Apr. 10, 2015)*, the district court judge begins its analysis by noting that it is by "no means free from doubt" that the definition that Congress used in § 2246 was not intended to carry over to § 2252A." That district court decided not to incorporate § 2246 into its generic federal offense definition, but it did so without the benefit of *Lockhart's* analysis. Regardless, the district court judge concluded that the New Jersey statute

in question had extremely broad terms and covered "a range of conduct that is far afield from conduct undertaken for purposes of sexual gratification or arousal." *Vado*, No. 14 CR 666 PAE, 2015 WL 1611337, at *14.

The second out of district non-binding decision the defense cited was *United States v. Sullivan*, 2010 WL 2431719 (M.D. Pa. June 14, 2010). Similar to the *Vado* case, the state-law predicate at issue in *Sullivan* criminalized exposure of intimate parts (not sexual contact) to cause "affront or alarm" (not to abuse or sexually gratify), a materially different statute that does not lend analytical insight to the very different Md. Code Ann., Art. 27, § 464B at issue here. At its core, Md. Code Ann., Art. 27, § 464B is focused on sexual offenses because it involves contact with the intimate parts and related intent—whether abuse or sexual gratification.

<u>**CONCLUSION**</u>

For all of these reasons, as well as those set forth in the government's opening memo, this Court should find that the defendant's convictions for Third Degree Sex offense under Maryland law and Carnal Knowledge under D.C. law qualify "sexual abuse" or "abusive sexual conduct involving a minor" under 18 U.S.C. § 2251(e), and also are convictions *relating to* "sexual abuse" or "abusive sexual conduct involving a minor." Thus, both convictions qualify as predicate offenses for the sentencing enhancement.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____

Paul E. Budlow
Assistant United States Attorney